Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| F & R CONSTRUCTION GROUP, INC.<br><br>Demandantes-Apelados<br><br>v.<br><br>FRANK RAMOS RAMOS Y OTROS<br><br>Demandados<br><br><br>SUBOH GAS STATION, INC. Y SAMER SUBOH<br><br>Apelantes | KLAN202500471 | Apelación procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Núm. J CD2014-0535<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de noviembre de 2025.

Los apelantes Suboh Gas Station Inc., y Samer Suboh solicitan que modifiquemos la Sentencia Parcial en la que el Tribunal de Primera Instancia, desestimó la reclamación por daños y perjuicios, pero se negó a desestimar las reclamaciones por cobro indebido y enriquecimiento injusto. Por su parte, la apelada, F. R Construction Group. Inc., presentó su oposición al recurso. Estando el recurso perfeccionado, resolvemos.

**I**

El 29 de abril de 2014 la apelada presentó una demanda por; (1) cobro de dinero, (2) incumplimiento, (3) enriquecimiento injusto, (4) cobro de lo indebido y (5) daños. Posteriormente enmendó su reclamación en varias ocasiones siendo la última, el 29 de enero de 2021, fecha en la que presentó una Quinta Demanda Enmendada en

la que incluyó a los apelantes. En su reclamación la apelada hizo las alegaciones siguientes. El codemandado Frank Ramos Ramos diseñó un esquema de fraude, mientras se desempeñaba como el superintendente de obras de construcción de F.R. Construction Group. El señor Ramos desviaba los fondos de la demandante, para su beneficio y el de los demás codemandados. Los fondos desviados estaban relacionados al Contrato de Arrendamiento de Obras para la remodelación del Residencial Luis Muñoz Rivera de Guánica. Frank Ramos Ramos creó y preparó suplidores y facturas falsas. El codemandado se apropiaba de los cheques de la apelada y los endosaba con el nombre de un suplidor ficticio y los cambiaba en los establecimientos comerciales de los codemandados que actuaban en común acuerdo. La apelada adujo que se enteró de la participación de los apelantes en el esquema fraudulento, durante el descubrimiento de prueba. FR Construction Group adujo que el 11 de julio de 2013, Basil Atra Suboh suscribió una declaración jurada en la que hizo constar que los cheques recibidos de Frank Ramos se depositaban en cuentas bancarias del apelante.[1] La apelada argumentó que Suboh Gas Station Inc., pertenecía al apelante y que la utilizó como alter ego para cometer el fraude.[2]

Los apelantes solicitaron, por separado, la desestimación de la demanda porque la reclamación estaba prescrita. Justificaron su petición alegando que la demandante había tenido conocimiento del daño o debió tenerlo en el año 2013, sin embargo, presentó la reclamación en su contra el 29 de enero de 2021.

La apelada se opuso a la desestimación F. R Construction Group. Inc., adujo que, a las reclamaciones por cobro de dinero, cobro de lo indebido e enriquecimiento injusto, les aplicaba el término prescriptivo de quince años debido a su naturaleza cuasi- contractual y a la falta de

---

[1] Apéndice del recurso, página 74.
[2] Apéndice del recurso, página 24.

un plazo establecido.[3] Por su parte, Suboh Gas Station Inc., alegó que no se cumplían los requisitos para una reclamación por cobro de lo indebido, porque no existía un cuasi contrato. Su representación legal argumentó que reclamación estaba gobernada por el artículo 1802 del Código Civil, porque se trataba de una acción culposa basada en un fraude. Samer Suboh adujo que los hechos imputados en su contra no estaban basados en una relación contractual o cuasicontractual. Su representación legal asevero que los daños alegados estaban basados en un esquema de fraude en el que se le imputaba a su representado el lavado de dinero. Por último, afirmo que cualquier sustitución de parte debió presentarse dentro del término prescriptivo y que los desmandados desconocidos debieron sustituirse dentro del año de presentada la demanda original y no seis años después.[4] La apelada insistió que se configuró un pago indebido emitido para satisfacer una obligación inexistente.

El TPI desestimó por prescripción la reclamación por daños y perjuicios. No, obstante se negó a desestimar las reclamaciones de cobro de dinero y enriquecimiento injusto concluyendo que les aplicaba el término prescriptivo de quince años.

Inconformes con tal conclusión los apelantes presentaron este recurso en el que alegan que:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR EN SU TOTALIDAD LA DEMANDA EN CONTRA LOS AQUÍ COMPARECIENTES POR PRESCRIPCION Y AL CONCLUIR QUE EXISTE UNA CAUSA DE ACCION DE COBRO DE LO INDEBIDO Y DE ENRIQUECIMIENTO ILICITO POR LO QUE LE APLICA EL TERMINO DE 15 ANOS DE PRESCRIPCION DE LOS CUASICONTRATOS.

---

[3] Apéndice del recurso, página 87.
[4] Apéndice del recurso, página 95.

## II

**Los cuasicontratos**

El Artículo 1787 del Código Civil de 1930, 31 LPRA sección 5091[5] define los cuasicontratos como los hechos lícitos y puramente voluntarios de los que resultó obligado su autor para con un tercero y a veces una obligación reciproca entre los interesados. El Código Civil regula dos tipos: a gestión de negocio ajeno y el cobro de lo indebido. *Pagan Santiago et al v. ASR*, 185 DPR 341, 367 (2012).

**Cobro de lo indebido**

Los artículos 1797 al 1801 del Código Civil del 1930, 31 LPRA secciones 5121-5127 regulan el cobro de lo indebido que como hemos dicho es un tipo de cuasicontrato. El que recibe una cosa que no tenía derecho a cobrar y que le fue entregada por error está obligado a restituirla. Artículo1795, 31 LPRA sección 5121. El cobro de lo indebido es una figura de naturaleza cuasicontractual, que no nace de una obligación contractual.

Se configura cuando concurren los siguientes tres requisitos; (1) se produce un pago con la intención de extinguir una obligación, (2) no existe justa causa para el pago, debido a la ausencia de una obligación jurídica entre el que paga y el que cobra, o si existe es por una cantidad menor a la pagada y (3) el pago se hizo por error y no por mera legalidad o por otro concepto. Originalmente el Tribunal Supremo de Puerto Rico interpretó que solo el error de hecho daba origen al cobro de lo indebido. No obstante, posteriormente reconoció que el error de derecho también daba lugar a la doctrina de cobro de lo indebido. El error de derecho lo comete quien paga en la creencia de que la ley lo exige, porque desconoce la norma que lo exime del pago o interpreta erróneamente el derecho aplicable. Tradicionalmente incurre en un

---

[5] Toda referencia al Código Civil se refiere al Código Civil de 1930, según enmendado, hoy derogado que era el vigente al momento de darse los hechos alegados en la demanda.

error de derecho quien actúa sin ajustarse a una norma jurídica vigente. Por su parte, comete un error de hechos quien obra a base de hechos que no son verdaderos. El error de derecho también lo comete quien conoce los hechos verdaderos, pero realiza el pago debido a un error humano. *ELA v. Crespo Torres,* 180 DPR 776, 793-794 (2011). Por tratarse de una causa de acción sin un término prescriptivo específico le aplica el de quince años establecido en el Artículo 1864 del Código Civil, 31 LPRA sección 5294.

**Enriquecimiento Injusto**

La doctrina de enriquecimiento injusto no se encuentra restringida a la esfera contractual, porque puede aplicarse a situaciones muy distintas entre sí. No obstante, alguien siempre tiene que enriquecerse injustamente en perjuicio de otro. La norma del enriquecimiento injusto está cimentada en criterios de equidad y en la justicia que permea a todo nuestro ordenamiento jurídico. El principio de equidad está consagrado en el artículo 7 del Código Civil de 1930, 31 LPRA sección 7. Según dicho artículo el tribunal resolverá conforme a la equidad, cuando no exista ley aplicable al caso. La doctrina de enriquecimiento injusto aplica cuando la ley no ha previsto una situación en la que se produce un desplazamiento patrimonial que no encuentra una explicación razonable en el ordenamiento vigente. Los criterios necesarios para que se configure el enriquecimiento injusto son los siguientes:

(1) existencia de un enriquecimiento

(2) empobrecimiento correlativo

(3) conexión entre el empobrecimiento y su enriquecimiento

(4) falta de causa que justifique el enriquecimiento

(5) inexistencia de un precepto legal que excluya la aplicación del enriquecimiento injusto. *SLG Sanchez v. SLG Valentín,* 186 DPR 503, 515-516 (2012); *ELA v. Cole,* 164 DPR 608, 632-633 (2005).

**III**

La apelante alega que el TPI debió desestimar la totalidad de la demanda porque la apelada no tiene una causa de acción por cobro de lo indebido, ni por enriquecimiento injusto. Su representación legal sostiene que todas las reclamaciones de la demanda están basadas en una causa de acción por daños y perjuicios, cuyo término prescriptivo es un año. No obstante, aduce que esa causa de acción prescribió, porque la apelada reconoció que tuvo conocimiento del daño en el año 2013 y no fue hasta el 29 de enero de 2021 que presentó la reclamación.

El TPI cometió el error señalado. La apelada no tiene una causa de acción por cobro de lo indebido contra la apelante. Los elementos de esa causa de acción no se configuran contra la apelante. La apelada incluyó a la parte apelante como demandada en la Quinta Demanda Enmendada presentada el 29 de enero de 2021. Su representación legal alegó que se enteró que Samir Suboh participó en el fraude, por una declaración jurada del 11 de julio de 2013. La apelada adujo que el codemandado cambiaba los cheques en el garaje de gasolina de Samir Suboh.

Los hechos que la apelada alega en la demanda contra la apelante, no cumplen con los requisitos de una causa de acción por pago de lo indebido. **La apelada no alegó en la demanda que hizo un pago a Samir Suboh ni a su garaje de gasolina, con la intención de extinguir una obligación**. Su alegación contra el apelante se centra en que el codemandado cambiaba los cheques en el garaje propiedad del señor Samir Suboh. La apelada alegó que el codemandado hacia los cheques para pagarlos a un tercero y los cambiaba en el negocio del apelante. La ausencia de pago, por parte de la apelada a la apelante hace inmeritorio pasar juicio sobre los demás elementos de esa causa de acción.

La representación legal de la apelante aduce que la apelada tampoco tiene una causa de acción por enriquecimiento injusto. Los argumentos de la apelante son correctos. Los tribunales únicamente recurrimos al enriquecimiento injusto, cuando la parte que lo invoca no tiene disponible un remedio legal para vindicar el desplazamiento patrimonial del que ha sido objeto. No obstante, la apelada no estaba huérfana de remedio. La apelada tenía disponible el artículo 1802, *supra,* para reclamar a la apelante por las acciones negligentes o culposas en su contra.

El foro primario erró al no desestimar la totalidad de demanda. La reclamación por daños y perjuicios prescribió y la apelada no tiene una causa de acción por cobro de lo indebido, ni por enriquecimiento injusto a las que le aplique el término prescriptivo de quince años.

**IV**

Se modifica la sentencia apelada y se desestima la totalidad de la demanda. Se deja sin efecto la paralización emitida en presente recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones